IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONN DEVERAL MARTIN, | § | |
| (TDCJ No. 1454022) | § | |
| VS. | § | CIVIL ACTION NO.4:10-CV-385-Y |
| | § | |
| | § | |
| WILLIAM V. WALKER, et al., | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Donn Deveral Martin's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Martin, an inmate at the Texas Department of Criminal Justice, Corrections Institution Division's Clements unit, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and naming as defendants private attorneys William V. Walker and Larry Sauer. (Compl. Style; § IV(B).) Martin alleges that these attorneys, who represented him in criminal proceedings in Tarrant County, Texas, improperly forced him to execute a lien in favor of them against his property in Arlington, Texas, then valued at over $125,000. (Compl. § V; attachment page.) Martin complains that, although he understood the value of the lien would be used for attorneys fees and the costs of experts, investigators, and forensic testing, defendant Walker improperly asserted a claim to $65,000 of the equity covered by the lien for work allegedly done in 1995-96 for Martin's deceased wife. (Compl. § V, attachment page 4a.) Marin alleges this left insufficient funds to cover the costs of his defense. Martin also alleges that defendant Walker improperly transferred title to his property

and defrauded him of over $125,000, all in violation of his constitutional rights. (Compl. § V, attachment pages 4a-4b.) Martin seeks monetary damages. (Compl. § VI, attachment page 4c.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

Court concludes that Martins's claims must be dismissed.

In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[6] Martin has failed to satisfy the second element in the claims made the basis of this suit. Martin has failed to show that William Walker or Larry Sauer, private attorneys, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[7] Although Martin contends that the defendants' membership in the State Bar of Texas amounts to action under color of law, similar claims have been found to be without merit.[8] Although a private individual can be said to act under color of law if he acts in a conspiracy with state officials,

---

[6] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[7] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996); *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

[8] *See Smith v. Kenyon, Lusk, Anderson Attorneys at Law,* No.8:10-CV-930-RBH, 2010 WL 2429726, at *1-2 (D.S.C. June 11, 2010)("holding a position as a member of the South Carolina Bar does not constitute acting 'under color of law' or create 'state action'")(citing *Olszowy v. Schmutz,* No.9:09-01662, 2009 WL 3698387 (D.S.C. Nov. 3, 2009); *see generally Wolfe by Hedges v. Bias,* 601 F.Supp. 426, 428 (D.C. W.Va. 1984)(citing *Sumpter v. Harper,* 683 F.2d 106, 108 (4th Cir. 1982)(for the proposition that fact that a state licenses individuals to engage in a profession does not impute state action to the practitioner's conduct).

Martin has asserted no such claims in this case. As Martin has not shown that defendants were acting under color of law, his claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Therefore, Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).[9]

SIGNED August 11, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[9] To the extent plaintiff Martin's complaint alleges state law causes of action against the defendants, the Court declines to exercise supplemental jurisdiction over any such claims under 28 U.S.C. § 1367(c)(3), such that any other claims are DISMISSED WITHOUT PREJUDICE.

4